**IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI**

**SHELTER MUTUAL INSURANCE COMPANY** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: CI-2024-0256JA**

**POLARIS, INC., POLARIS SALES, INC.**
**AND POLARIS INDUSTRIES, INC.** **DEFENDANTS**

**AMENDED COMPLAINT**

COMES NOW Plaintiff, Shelter Mutual Insurance Company (hereinafter sometimes referred to as "Shelter"), by and through their counsel of record, Deaton & Berry, PLLC, and files this their Amended Complaint against Defendants, Polaris, Inc., Polaris Sales, Inc. and Polaris Industries, Inc. (hereinafter sometimes referred to as "Polaris" or "Defendants"), and for grounds in support thereof, would show unto the Court as follows:

**PARTIES**

1.

Shelter Mutual Insurance Company is a Missouri insurance corporation qualified and registered to do business in the State of Mississippi, at all times material or relevant to this cause of action.

2.

Defendant, Polaris, Inc. is a Delaware corporation, with its principal office located at 2100 Highway 55, Medina, Minnesota, and who may be served with process through its

registered agent in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, or in any other such manner as allowed by the Mississippi Rules of Civil Procedure.

**3.**

Defendant, Polaris Sales, Inc. is a Minnesota corporation, who is registered to do business in Mississippi, with its principal office located at 2100 Highway 55, Medina, Minnesota 55340 and who may be served with process through its registered agent for service of process in Mississippi, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, or in any other such manner as allowed by the Mississippi Rules of Civil Procedure.

**4.**

Defendant, Polaris Industries, Inc. is a Delaware corporation, with its principal office located at 2100 Highway 55, Medina, Minnesota 55340 and who may be served with process through its registered agent for service of process in Delaware, The Corporation Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, or in any other such manner as allowed by the Mississippi Rules of Civil Procedure.

## JURISDICTION AND VENUE

**5.**

This Court has jurisdiction and venue of this action in that the damages are in excess of the jurisdictional limits of this court and the substantial event, which is the subject of this action, caused damage to real and personal property located at 656 Twelve Oaks Trace, Canton, Madison County, Mississippi. Therefore, jurisdiction and venue of this action are proper in this Court.

## FACTS

**6.**

On or about September 26, 2021, a fire (hereinafter "fire") occurred at the residence owned by Justin Halbert and Adrian Halbert, which is located at 656 Twelve Oaks Trace, Canton, Mississippi 39046 in Madison County, Mississippi.

**7.**

The Fire originated from a Polaris Ranger XP1000PRM BCK CTRY 999, (hereinafter "UTV").

**8.**

The UTV was purchased by Mr. Halbert from Defendants.

**9.**

On or about September 26, 2021, the date of the subject fire, Nell Gardner, the insured's mother and neighbor, and their landscaper operated the Polaris UTV and parked it back in the carport, where it was originally located before the fire.

**10.**

Later that same day, the UTV, carport and a portion of the Halbert's home caught fire and Nell Gardner notified Justin and Adrian Halbert of the fire.

**11.**

The Madison County Fire Department was dispatched to the fire.

**12.**

Despite the fire department's quick response, the fire caused significant damage to the UTV, carport and house.

**13.**

From the time the Halbert's purchased the UTV until the time of the fire, there was a recall alert issued for all UTVs of the specific model that they owned.

**14.**

The recall stated that there were reports of clutch belts breaking which resulted in fuel line damages and fires.

**15.**

At all material times, Shelter provided casualty insurance, which includes property damage insurance coverages to Justin and Adrian Halbert under Policy No. 23-71-8507576-2. That Shelter's policy issued to the Halberts provided insurance coverage for their 2020 Polaris UTV, their home and the contents thereof, in the event of fire or other casualty loss.

**16.**

Pursuant to the terms of its insurance contracts, Shelter paid the Halberts the sum of Five Hundred Fifty-One Thousand Three Hundred Ninety-Six Dollars and 01/100 ($551,396.01) for damages caused by the subject fire. By virtue of its payments to its insureds, Shelter is equitably, contractually, and legally subrogated to all of the rights and remedies which the Halberts possess against any and all responsible parties to the extent of Shelter's payments under its applicable policies of insurance.

**COUNT 1: NEGLIGENCE AGAINST POLARIS**

**17.**

Shelter hereby incorporate and reallege, as if fully set forth herein, the allegations set forth in paragraphs 1-14.

**18.**

Polaris designed, manufactured and distributed the 2020 Polaris Ranger XP1000PRM BCK CTRY 999 and originally placed it into the stream of commerce.

**19.**

Polaris had a duty to design, manufacture, and distribute UTVs which are safe and free of defects.

**20.**

Polaris had a duty to warn persons who might reasonably use or store Polaris UTVs in a garage of latent dangerous defects in its UTVs.

**21.**

It was foreseeable by Polaris since Polaris designed, manufactured, and distributed UTVs with latent defects and/or if Polaris failed to warn of such defects, persons or entities using such UTVs or who were in proximity to such UTVs could incur personal injury or property damage.

**22.**

The fire was the result of a malfunction of the 2020 Polaris Ranger XP1000PRM BCK CTRY 999 in the course of its ordinary use due to a defect in the UTV.

**23.**

The defect in the UTV was the faulty clutch belt or other defect which was the cause of the fire.

**24.**

The UTV contained the above defect when it left Polaris's possession and control.

**25.**

The defective condition rendered the UTV unreasonably dangerous to the user or consumer.

26.

Polaris breached the above duties by designing, manufacturing, and distributing the 2020 Polaris UTV with a latent dangerous defect in its clutch belt and/or by failing to warn of the defect and/or by failing to adopt a safer, practical, feasible, or otherwise reasonable alternative design that could then have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the vehicle.

27.

The defective and unreasonably dangerous condition of the UTV proximately caused the damages for which recovery is sought.

28.

As a direct and proximate result of Polaris's negligence, Shelter incurred damages in the amount of Five Hundred Fifty-One Thousand Three Hundred Ninety-Six Dollars and 01/100 ($551,396.01).

**COUNT II: STRICT LIABILITY AGAINST POLARIS, INC.**

29.

Shelter hereby incorporate and reallege, as if fully set forth herein, the allegations set forth in paragraphs 1-26.

30.

Polaris manufactured, sold, and distributed the UTV and originally placed it into the stream of commerce.

31.

The UTV was defectively designed and unreasonably dangerous in that it contained a defective clutch belt that arced and caught fire in the ordinary course of its use.

32.

The UTV was in the defective condition at the time that it left the possession or control of Polaris.

33.

The UTV was expected to and did reach the owner of the UTV alleged herein without substantial change in its condition.

34.

The UTV was used for its intended purpose and/or for a purpose that was reasonably foreseeable by Polaris.

35.

The defective and unreasonably dangerous condition of the UTV was the proximate cause of the damages alleged above.

36.

As a result of the defective and unreasonably dangerous condition of the UTV, Shelter incurred damages in the amount of Five Hundred Fifty-One Thousand Three Hundred Ninety-Six Dollars and 01/100 ($551,396.01).

**COUNT III: - BREACH OF IMPLIED WARRANTY AGAINST POLARIS, INC.**

**37.**

Shelter hereby incorporate and reallege, as if fully set forth herein, the allegations set forth in paragraphs 1-34.

**38.**

Polaris sold and distributed the vehicle and placed it into the stream of commerce.

**39.**

The UTV in question was defectively designed and/or manufactured in that it contained a defective clutch belt that arced and caught fire in the ordinary course of its use.

**40.**

The fire was the result of a defect in the UTV in the course of its ordinary use.

**41.**

The UTV contained the defect when it left Polaris's possession and control.

**42.**

Justin and Adrian Halbert and their permissive users used the UTV for its intended purpose and/or for a purpose that was reasonably foreseeable by Polaris.

**43.**

Polaris breached the warranties by providing a defectively designed product.

**44.**

As a result of the breaches of warranty set forth, Shelter incurred damages in the amount of Five Hundred Fifty-One Thousand Three Hundred Ninety-Six Dollars and 01/100 ($551,396.01).

**DAMAGES**

**45.**

Shelter hereby incorporate and reallege, as if fully set forth herein, the allegations set forth in paragraphs 1-42.

**46.**

That as a direct and proximate result of the aforesaid acts or inactions of Polaris, Inc., Polaris Sales, Inc. and Polaris Industries, Inc. as hereinabove set forth, Plaintiff, Shelter Mutual Insurance Company, made payments to their insured pursuant to its contracts of insurance with Justin and Adrian Halbert to remedy the damages caused by the actions or inactions and negligence of Defendants, Polaris, Inc., Polaris Sales, Inc. and Polaris Industries, Inc. To the extent of said payments, Plaintiff, Shelter Mutual Insurance Company, became entitled to be, and has become, subrogated to all rights and causes of actions of their insureds, Justin and Adrian Halbert, pursuant to the aforesaid contracts of insurance.

WHEREFORE, PREMISES CONSIDERED Plaintiff, Shelter Mutual Insurance Company, demands judgment of and from Defendants, Polaris, Inc., Polaris Sales, Inc. and Polaris Industries, Inc. in the sum of Five Hundred Fifty-One Thousand Three Hundred Ninety-Six Dollars and 01/100 ($551,396.01), plus pre-judgment interest, post-judgment interest, all costs expended herein, and attorneys' fees.

THIS the 22nd day of November, 2024.

Respectfully submitted,

**SHELTER MUTUAL INSURANCE COMPANY**

By: David F. Berry IV
DAVID F. BERRY, IV, MSB #102990

OF COUNSEL:

DEATON & BERRY, PLLC
Post Office Box 320099
Flowood, Mississippi 39232
Telephone: (601)988-0000
Facsimile: (601)988-0001
Email: dberry@dg-law.com



Exhibit 4