UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHELTER MUTUAL INSURANCE COMPANY                                    PLAINTIFF

V.                                             CIVIL ACTION NO. 3:25-CV-130-KHJ-MTP

POLARIS, INC., et al.                                               DEFENDANTS

ORDER

Before the Court is Defendants Polaris, Inc., and Polaris Industries, Inc.'s [2] Motion to Dismiss. The Court denies the motion.

I.   Background

This case arises from a house fire.

Plaintiff Shelter Mutual Insurance Company provided casualty insurance to Justin and Adrian Halbert. Am. Compl. [1-4] ¶ 15. The Halberts' policy covered their home, their home's contents, and their Polaris utility task vehicle (UTV). *Id.*

That UTV allegedly caught fire on September 26, 2021. *See id.* ¶¶ 6–7; *see also id.* ¶¶ 13–14. The fire damaged the Halberts' home, carport, and UTV. *Id.* ¶ 12. Shelter paid out $551,396.01 under the policy. *Id.* ¶ 16.

On September 24, 2024—just short of three years after the fire—Shelter filed a subrogation action in state court. Compl. [1-1]. Shelter's [1-1] Complaint named one defendant: "Textron, Inc., d/b/a Polaris, Inc." *Id.* ¶ 2. And it raised three claims: negligence, strict liability, and breach of implied warranty. *Id.* ¶¶ 15–42.

Shelter filed an [1-4] Amended Complaint on December 4, 2024, raising the same three claims. [1-4] ¶¶ 17–44. The [1-4] Amended Complaint dropped Textron and named three Defendants: (1) Polaris, Inc.; (2) Polaris Industries, Inc. (PII), a wholly owned subsidiary of Polaris, Inc.; and (3) Polaris Sales, Inc., a wholly owned subsidiary of PII. *Id.* ¶¶ 2–4; Corp. Disclosure Statements [7, 8, 9]. All three Polaris Defendants allegedly have a "principal office located at 2100 Highway 55, Medina, Minnesota 55340 . . . ." [1-4] ¶¶ 2–4. And all three Polaris Defendants allegedly have the same registered agent: CT Corporation. *See, e.g., id.*; Reply [13] at 9.

It is undisputed that Shelter served Polaris Sales, Inc., with the [1-4] Amended Complaint through CT Corporation on January 22, 2025—within the 120-day period for serving the original [1-1] Complaint. *See* Mem. Supp. Mot. [3] at 1; Resp. [12] at 19; Polaris Sales, Inc., Proof of Service [1-2] at 1; Miss. R. Civ. P. 4(h). The accompanying "Service of Process Transmittal Summary" was addressed to "Becky Sullwold, Manager, Legal Operations" at "POLARIS, INC." [1-2] at 1. And it listed "action items," to include sending an "email notification" to Becky.Sullwold@polaris.com and Jody.Rusch@polaris.com. *Id.* (citation modified).

It is also undisputed that Shelter served Polaris, Inc., through CT Corporation on January 27, 2025—outside the 120-day period for serving the original [1-1] Complaint. *See* [3] at 1; [12] at 7; Polaris, Inc., Proof of Service [1-3] at 1; Miss. R. Civ. P. 4(h). Here again, the accompanying "Service of Process Transmittal Summary" was addressed to "Becky Sullwold, Manager, Legal Operations" at "POLARIS, INC." [1-3] at 1. And here again, it listed "action items,"

to include sending an "email notification" to Becky.Sullwold@polaris.com and Jody.Rusch@polaris.com. *Id.* (citation modified).

The parties dispute whether Shelter ever served PII. *Compare* [3] at 3, *with* [12] at 21. Shelter's process server signed an affidavit stating that he served PII through CT Corporation on January 27, 2025. Allen Aff. [1-5] at 1. But PII says:

> Put simply, PII has never received a copy of the Amended Complaint, and the filing on the state court docket was the first notice it received of attempted service. PII is only aware of the state court filing through undersigned counsel. PII's records with CT Corporation, its registered agent for service in Delaware, do not show any service for PII on January 27, 2025, or since.

[3] at 3 (citing CT Corporation Service Records [2-5]).

On February 20, 2025, the three Polaris Defendants timely removed, invoking the Court's diversity jurisdiction. Notice of Removal [1] at 1–4. Polaris, Inc., and PII then filed a [2] Motion to Dismiss. PII moved to dismiss under Rule 12(b)(5) based on insufficient service of process. [3] at 3. And Polaris, Inc., and PII both moved to dismiss under Rule 12(b)(6) because they were served after the three-year statute of limitations ran on January 24, 2025. *Id.* at 3–5.

But Polaris, Inc., and PII's [2] Motion did not address whether the [1-4] Amended Complaint relates back. Neither did Shelter's [12] Response.[1] And neither did Polaris, Inc., and PII's [13] Reply.

---

[1] Instead, Shelter's [12] Response argued that the cause of action accrued either when Shelter discovered the fire's cause or when Shelter made its first payment to the Halberts. *See* [12] at 10–18. Neither argument addressed governing Mississippi case law. *Compare id.* at 13 (representing that the fire's unknown cause made it "the epitome of a latent injury under Mississippi law"), *with W. World Ins. Grp. v. KC Welding, LLC*, 372 So. 3d 464, 467–68 (Miss. 2023) (en banc) ("[The insurer] essentially argues that the inability to immediately know the cause of a fire creates a latent injury. This is in contrast to our

3

II.   Analysis

The Court first addresses PII's Rule 12(b)(5) motion to dismiss based on improper service. It then addresses Polaris, Inc., and PII's Rule 12(b)(6) motion to dismiss based on the statute of limitations.

A.  Rule 12(b)(5)

The Court denies PII's Rule 12(b)(5) motion to dismiss.

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). "The general rule is that a signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (per curiam) (citation modified).

---

jurisprudence, however. . . . This Court has held that causes of action accrue upon discovery of the injury, *not discovery of the injury and its cause*. Knowledge of the cause of the injury is irrelevant to the analysis . . . ." (citation modified)). *Compare* [12] at 17 ("Logically, Shelter could not 'subrogate' against Polaris until it had paid for losses suffered by Shelter's insureds."), *with Ind. Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.*, 456 So. 2d 750, 754 (Miss. 1984) ("The fact that [the insurer] later became subrogated to the rights of the [insureds whose home was damaged by a fire] did not operate to extend the period within which suit could be brought . . . ."), *and W. World Ins. Grp.*, 372 So. 3d at 469 (holding that the subrogated insurer had three years after a fire to sue).

   The Court reminds counsel and the parties of their Rule 11 obligations, and it cautions that future filings that do not comply with Rule 11 may result in sanctions.

4

Shelter has carried its burden. Mississippi law provides for service on a corporation by "delivering a copy of the summons and of the complaint to . . . any . . . agent authorized by appointment or by law to receive service of process." Miss. R. Civ. P. 4(d)(4); *see also Taylor v. Bailey Tool & Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014) ("[A] district court must look to state law to ascertain whether service was properly made prior to removal." (citation modified)). And Shelter's process server declared under penalty of perjury that he delivered the summons and complaint to PII's registered agent, CT Corporation, on January 27, 2025. [1-5] at 1. PII's only response is that it never "received" a copy of those documents from CT Corporation. [3] at 3 (citing [2-5]). But Shelter correctly answers that Mississippi Rule of Civil Procedure 4(d)(4) only required it to deliver those documents to PII's registered agent. *See* [12] at 21 ("It is not Shelter's responsibility as to whether the registered agent for [PII] delivered a copy of the Summons and Complaint . . . ."). For those reasons, Shelter has carried its burden.

So the Court denies PII's Rule 12(b)(5) motion to dismiss.

B.  Rule 12(b)(6)

The Court also denies Polaris, Inc., and PII's Rule 12(b)(6) motion to dismiss.

Under Rule 12(b)(6), the Court's "inquiry typically focuses on whether the plaintiff plausibly alleges the elements of a claim." *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022). "But Rule 12(b)(6) dismissal may also be appropriate based on a successful affirmative defense provided that the affirmative defense appears on the face of the complaint." *Id.* (citation modified). "In

5

this situation, it must be apparent from the plaintiff's own allegations that a defense is fatal to the claim." *Id.* (citation modified). "In other words, the pleadings must reveal beyond doubt that the plaintiffs can prove no set of facts that would overcome the defense or otherwise entitle them to relief." *Id.* (citation modified).

And so "dismissal for failure to state a claim based on the statute of limitations defense should be granted only when the plaintiff's potential rejoinder to the affirmative defense [is] foreclosed by the allegations in the complaint." *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 196 (5th Cir. 2021) (citation modified). Put another way, "Rule 12(b)(6) dismissal under a statute of limitation is proper only when the complaint makes plain that the claim is time-barred and raises no basis for tolling." *Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 253 (5th Cir. 2021) (per curiam) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

"When an amended pleading 'relates back' to the date of a timely filed original pleading, it is thus itself timely even though it was filed outside an applicable statute of limitations." *Johnson v. Miller*, 126 F.4th 1020, 1026–27 (5th Cir. 2025) (citation modified). Under Mississippi Rule of Civil Procedure 15(c),[2] the [1-4] Amended Complaint would relate back if three requirements are met:

---

[2] *Taylor*, 744 F.3d at 946 n.4 ("After removal of an action to federal court, state procedural rules will continue to govern with respect to any issues that arose prior to removal. Thus, state law controls such procedural issues as questions concerning . . . relation back . . . ." (citation modified)); *see also* Fed. R. Civ. P. 15(c)(1)(A); *Turnage v. McConnell Techs.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam).

1. the [1-4] Amended Complaint's claims arise out of the "conduct, transaction, or occurrence" set forth—or attempted to be set forth—in the [1-1] Complaint, Miss. R. Civ. P. 15(c)(1);
2. the party to be brought in by amendment, within the 120-day period for serving the [1-1] Complaint, "has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits," *id.* 4(h), 15(c)(2)(A); and
3. the party to be brought in by amendment, within the 120-day period for serving the [1-1] Complaint, "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party," *id.* 4(h), 15(c)(2)(B).

Here, Rule 12(b)(6) dismissal is improper because Shelter's "potential rejoinder to the affirmative defense"—relation back—is not "foreclosed by the allegations in the complaint." *Acad. of Allergy & Asthma in Primary Care*, 998 F.3d at 196 (citation modified). The first relation-back requirement is satisfied: The [1-4] Amended Complaint raises the same claims that the [1-1] Complaint did. *Compare* [1-4] ¶¶ 17–44, *with* [1-1] ¶¶ 15–42. As for the second and third requirements, at the Rule 12(b)(6) stage, it suffices to say that the pleadings do not "reveal beyond doubt that [Shelter] can prove no set of facts that would overcome [the statute-of-limitations] defense . . . ." *Bell*, 27 F.4th at 320 (citation modified). Additional facts are necessary to determine whether Shelter's claims are time-barred. *See, e.g.*, *Franklin Cnty. Mem'l Hosp. v. Fairman*, 359 So. 3d 1064, 1065–66, 1068–69 (Miss. 2023) (holding that the amended complaint related back because (1) the amended complaint raised the same claims and "simply changed the name of the defendant," which the original complaint had "misidentified . . . as a d/b/a/"; (2) the defendant's CEO timely received notice of the suit; and (3) the defendant's CEO received presuit written notice that identified the defendant as the responsible party).

The Court therefore denies Polaris, Inc., and PII's Rule 12(b)(6) motion to dismiss. If those parties wish, they may reassert their statute-of-limitations defense in a motion for summary judgment.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Defendants Polaris, Inc., and Polaris Industries, Inc.'s [2] Motion to Dismiss.

SO ORDERED, this 11th day of August, 2025.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE