IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHELTER MUTUAL INSURANCE COMPANY**              **PLAINTIFF**

vs.                                               **CASE NO: 3:25-cv-130-KHJ-MTP**

**POLARIS INC., POLARIS SALES INC.,
AND POLARIS INDUSTRIES INC.**                    **DEFENDANTS**

## DEFENDANT POLARIS INDUSTRIES INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Polaris Industries Inc. ("Defendant"), by and through counsel, files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is not entitled to recover costs, attorneys' fees, or any other damages.

### THIRD DEFENSE

The actions or inactions of Plaintiff were the sole proximate cause of any alleged injury.

### FOURTH DEFENSE

Plaintiff had a duty to mitigate damages, if any.

### FIFTH DEFENSE

Defendant asserts the defense of estoppel, laches, waiver, and res judicata.

### SIXTH DEFENSE

Defendant asserts defenses of assumption of risk, contributory negligence, accord and satisfaction, arbitration and award, failure of consideration, statute of fraud, license, fraud, and

illegality, and any and all other available affirmative defenses which subsequent development of facts may support, and accordingly, Defendant hereby reserves the right to raise any such defenses.

## SEVENTH DEFENSE

Defendant asserts that Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff's exclusive remedy is the Mississippi Products Liability Act (MPLA).

## NINTH DEFENSE

Defendant affirmatively asserts all applicable provisions and defenses of the MPLA, as codified in Mississippi Code Section 11-1-63, et seq.

## TENTH DEFENSE

Defendant is not liable under the MPLA, nor under any other basis. Specifically, the Defendant pleads the following:

a. Defendant denies that the subject vehicle and any of its component parts were defective or unreasonably dangerous in any way.

b. The system and design of the subject vehicle were within the state-of-the-art at the time of manufacture and sale and did not present an unreasonable risk.

c. At the time the subject vehicle left its manufacturer's possession, custody, or control, it and its component parts were not defective or unreasonably dangerous.

d. The subject vehicle's design and manufacturing were in compliance with all applicable federal and state regulatory standards.

**ELEVENTH DEFENSE**

The damage alleged was proximately caused by superseding and intervening negligence of parties other than Defendant.

**TWELFTH DEFENSE**

The sole and proximate cause of the damage alleged in Plaintiff's Amended Complaint was the action, omission, or negligence of a person, persons, an entity, and/or entities other than Defendant for whose actions, omissions, fault or negligence Defendant is in no way liable.

**THIRTEENTH DEFENSE**

The alleged damage may have been the consequence of misuse, a failure to maintain, a failure to inspect, abuse, or a change, alteration, or modification of the subject vehicle by parties other than Defendant.

**FOURTEENTH DEFENSE**

Defendant contests the claimed damages which are being asserted in this claim and demands strict proof thereof.

**FIFTEENTH DEFENSE**

Plaintiff failed to preserve evidence necessary to Defendant's defense, which results in a violation of Defendant's due process, and any such spoliation of evidence serves as a complete bar to Plaintiff's claims.

**SIXTEENTH DEFENSE**

Defendant asserts the affirmative defenses of comparative fault, comparative negligence, contributory negligence, contributory fault, and assumption of risk.

## SEVENTEENTH DEFENSE

Any duty to warn was discharged by providing an owner's manual and on-vehicle warnings that were adequate.

## EIGHTEENTH DEFENSE

Defendant may be entitled to a set-off in the amount of any settlement reached with any alleged tortfeasor in this case; it being specifically denied that Defendant is liable to Plaintiff.

Without waiving the affirmative defenses noted above, Defendant specifically answers the allegations of Plaintiff's Amended Complaint as follows:

## PARTIES

1. Upon information and belief, Shelter Mutual Insurance Company is a Missouri insurance corporation organized under the laws of Missouri with its principal place of business in Missouri and is not a citizen of Mississippi for jurisdictional purposes. All other allegations contained in Paragraph 1 are denied for lack of sufficient knowledge to admit or deny such allegations.

2. Defendant admits that Polaris Inc. is a non-resident corporation with its principal place of business in Minnesota and that it has been served in this lawsuit. All other allegations contained in Paragraph 2 are denied.

3. Defendant admits that Polaris Sales, Inc. is a non-resident corporation with its principal place of business in Minnesota and that it has been served in this lawsuit. All other allegations contained in Paragraph 3 are denied.

4. Defendant admits that it is a non-resident corporation with its principal place of business in Minnesota and that it has not been properly served in this lawsuit. All other allegations contained in Paragraph 4 are denied.

## **JURISDICTION AND VENUE**

5. Defendant denies the allegations contained in Paragraph 5.

## **FACTS**

6. Upon information and belief, Defendant admits that a fire took place on September 26, 2021, at 656 Twelve Oaks Trace, Canton, MS 39046 in Madison County, MS.

7. Defendant denies the allegations contained in Paragraph 7.[1]

8. Defendant specifically denies that the subject vehicle was purchased by Mr. Halbert from Defendant.

9. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 9, therefore they are denied.

10. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 10, therefore they are denied.

11. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 11, therefore they are denied.

12. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 12, therefore they are denied.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Upon information and belief, Defendant admits that Shelter Mutual Insurance Company is an insurance provider to the Halberts. Defendant is without sufficient knowledge to admit or deny any remaining allegations in Paragraph 15 and therefore denies the same.

---

[1] Defendant refers to the 2020 Ranger 1000 Back Country [RGR-20, 1K, BC, 49S], which Plaintiff refers to as a "Polaris Ranger XP1000PRM BCK CTRY 999," as the "subject vehicle."

16. Upon information and belief, Defendant admits that Shelter Mutual Insurance Company has paid the Halberts $551,396.01. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 16 and therefore denies the same.

## **COUNT I: NEGLIGENCE AGAINST POLARIS[2]**

17. Defendant denies the allegations of Paragraph 17.

18. Defendant admits that it designed and manufactured a series of vehicles called the 2020 Ranger 1000 Back Country [RGR-20, 1K, BC, 49S], including the subject vehicle; however, the remaining allegations of Paragraph 18 are denied.

19. Defendant denies that the subject vehicle was defective or unreasonably dangerous in any way; further, Defendant denies that the subject vehicle was a proximate cause of the damages complained of and denies any of the remaining allegations contained in Paragraph 19.

20. Defendant denies that the subject vehicle was defective or unreasonably dangerous in any way; further, Defendant denies that the subject vehicle was a proximate cause of the damages complained of and denies any of the remaining allegations contained in Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

---

[2] Plaintiff uses the term "Polaris" throughout its Amended Complaint without making distinction between any of the three named Defendants.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

## COUNT II: STRICT LIABILITY AGAINST POLARIS, INC.

29. Defendant denies the allegations of Paragraph 29.

30. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required, Defendant admits that it designed and manufactured a series of vehicles called the 2020 Ranger 1000 Back Country [RGR-20, 1K, BC, 49S], including the subject vehicle; however, the remaining allegations of Paragraph 30 are denied.

31. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required, Defendant denies the allegations of Paragraph 31.

32. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required, Defendant denies the allegations of Paragraph 32.

33. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required, Defendant denies the allegations of Paragraph 33, specifically any allegation that the subject vehicle was in a defective condition when it reached the owner.

34. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required Defendant is

without sufficient knowledge to admit or deny the allegations contained in Paragraph 34, therefore they are denied.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

## COUNT III: BREACH OF IMPLIED WARRANTY AGAINST POLARIS, INC.

37. Defendant denies the allegations of Paragraph 37.

38. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required, Defendant denies the allegations of Paragraph 38.

39. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required, Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required, Defendant denies the allegations of Paragraph 41.

42. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required, Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 42, therefore they are denied.

43. This claim appears to be alleged against another Defendant and as such does not warrant a response from Polaris Industries Inc.; in the event a response is required, Defendant denies the allegations of Paragraph 43.

44.     Defendant denies the allegations of Paragraph 44.

## DAMAGES

45.     Defendant denies the allegations of Paragraph 45.

46.     Defendant denies that the subject vehicle was defective or unreasonably dangerous in any way; further, Defendant denies that the subject vehicle was a proximate cause of the alleged damages. Defendant denies any remaining allegations contained in Paragraph 46.

Defendant denies the allegations contained in the paragraph beginning with "WHEREFORE" and specifically denies that the Plaintiff is entitled to any relief whatsoever against Defendant.

Defendant denies each and every allegation contained in the Amended Complaint except those allegations specifically admitted above.

Defendant expressly reserves the right to raise additional defenses as discovery may reveal.

RESPECTFULLY SUBMITTED, this the 25th day of August, 2025.

        **POLARIS INDUSTRIES INC.**

By:     */s/ Malissa Wilson*
        Malissa Wilson (MSB #100751)
        Chelsea Lewis (MSB #105300)
        FORMAN WATKINS & KRUTZ LLP
        210 East Capitol St., Suite 2200
        Jackson, Mississippi 39201
        Phone: (601) 960-3173
        Facsimile: (601) 960-8613
        malissa.wilson@formanwatkins.com
        chelsea.lewis@formanwatkins.com

        **ITS ATTORNEYS**

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 East Capitol St., Suite 2200
Jackson, Mississippi 39201
Phone: (601) 960-8600
Facsimile: (601) 960-8613