UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHELTER MUTUAL INSURANCE COMPANY                       PLAINTIFF

V.                                  CIVIL ACTION NO. 3:25cv130-KHJ-MTP

POLARIS, INC., *et al.*                                         DEFENDANTS

**CASE MANAGEMENT ORDER**

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**     4-5

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**     10

    **EXPERT TESTIMONY EXPECTED**:     Yes    **NO. OF EXPERTS**    6

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

        X     A. Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

    A settlement conference is set for March 25, 2026, at 9:30 a.m. before the undersigned at the U.S. Courthouse, Courtroom 6C, 501 E. Court Street, Jackson, Mississippi. Counsel, the parties, and representatives with full settlement authority must be present. Confidential settlement memoranda are due on or before March 18, 2025.

               B. At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

               A. The parties consent to trial by a United States Magistrate Judge.

        X     B. The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.**

   _____   A. The pre-discovery disclosure requirements of L.U.Civ.R.26(a)(1) have been complied with fully.

   \_\_X\_\_   B. The following additional disclosure is needed and is hereby ordered: The parties shall complete pre-discovery disclosures by October 3, 2025.

5. **MOTIONS; ISSUE BIFURCATION; OTHER.**

   _____   A. The court finds and orders that filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

   \_\_X\_\_   B. The court finds and orders that staged resolution, or bifurcation of the issues for trial in accordance with Fed.R.Civ.P. 42(b),

      _____   (1) May assist in the prompt resolution of this action.

      \_\_X\_\_   (2) Will not assist in the prompt resolution of this action.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __30__ succinct questions.

   B. Requests for Production are limited to __30__ succinct questions.

   C. Requests for Admissions are limited to __30__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than __5__ fact witnesses per party without additional approval of the court.

   E. The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have agreed as follows:

   Upon investigation by each party, no destruction of electronic evidence has occurred to date. Emails of the parties relevant to the litigation and not subject to privilege will be printed and produced. The parties will notify all IT departments and relevant personnel to preserve all electronic data relevant to the litigation to prevent deletion and ensure document retention.

  Parties agree that an inadvertent disclosure of privileged or otherwise protected material pursuant to Fed. R. Civ. P. 26(b)(3) does not constitute a waiver of privilege and parties will take reasonable steps to notify the opposing party of the inadvertent disclosure.

  Parties agree that to the extent that metadata or embedded data exists and contains an inadvertent disclosure of privileged or otherwise protected material pursuant to Fed. R. Civ. P. 26(b)(3), that inadvertent disclosure does not constitute a waiver of privilege and parties will make reasonable efforts to notify the opposing party of the inadvertent disclosure.

 **F.** The court imposes the following discovery provisions or limitations:

  Pursuant to Fed.R.Evid. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

  The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed.R.Civ.P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

**7. Scheduling Deadlines.**

 **A. Trial.**

  This matter is set for trial during a trial calendar: October 19-30, 2026 before District Judge Kristi H. Johnson.

  ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

  This is a  \_\_\_\_\_ Jury Trial    \_\_X\_\_ Non-Jury Trial

 **B. Pretrial.** The pretrial conference is set on September 17, 2026 before District Judge Kristi H. Johnson.

C. **Discovery.** All discovery shall be completed by: May 1, 2026.

D. **Amendments.** Motions for joinders of the parties or amendments to the pleadings must be filed by: October 20, 2025.

E. **Experts.** The parties' experts, if any, shall be designated by the following dates:

    Plaintiff(s):  January 15, 2026

    Defendant(s):  February 15, 2026

F. **Motions.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by:  May 15, 2026. The deadline for motions *in limine* is twenty-one days before the pretrial conference; the deadline for responses is fourteen days before the pretrial conference.

G. **Settlement Conference.** See paragraph 2 above.

H. **Report Regarding ADR.** On or before September 10, 2026 (7 days before the final pre-trial conference), the parties must report to the undersigned all ADR efforts they have taken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply.  *See* L.U.Civ.R. 83.7(f)(3).

**SO ORDERED** this the 19th day of September, 2025.

                                                    s/Michael T. Parker
                                                    UNITED STATES MAGISTRATE JUDGE